# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00280-GCM

| | |
|---|---|
| LATANYA HARRIS, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| AMERICAN AIRLINES, INC., | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 2]. Plaintiff has filed a response and Defendant has elected not to file a reply. Accordingly, this matter is ripe for disposition.

## I. Background

On April 6, 2016, Plaintiff filed a complaint with the EEOC alleging race, age, and disability discrimination and retaliation by her employer, Defendant. Compl. at 35. The EEOC then issued a dismissal and notice of rights on January 25, 2017. Compl. at 36. Plaintiff promptly filed this lawsuit on May 12, 2017, alleging a number of claims against Defendant. Specifically, Racial Discrimination and Retaliation under Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981, Age Discrimination & Retaliation under the Age Discrimination in Employment Act ("ADEA"), Disability Discrimination and Retaliation under the American with Disabilities Act ("ADA"), and Violation of the Family and Medical Leave Act ("FMLA"). Defendant responded by removing the case to this Court under federal question jurisdiction and filing this Motion to Dismiss.

## II. Standard of Review

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting from *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, "[a] court is not required to accept [t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements. *Id.*

## III. Discussion

Claims under Title VII, the ADEA, and the ADA have certain administrative remedies that must be exhausted before any claimant can bring suit. Under Title VII, a claimant has 180 days from the date of the alleged misconduct to report the issue to the Equal Employment Opportunity Commission ("EEOC") and then, the EEOC may give the claimant a letter to sue. 42 U.S.C. § 2000e-5(f) (2012). At that point, a suit can be brought. *Id.* If the issue is not reported to the EEOC within that timeframe, claimant loses all right to sue under that statute. *See, e.g.*, *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The ADEA and ADA enforcement provisions are set up identically. 29 U.S.C. § 626(c) (2012) (stating the requirements to sue under the ADEA); 42 U.S.C. § 12117(a) (2012) (stating the requirements to sue under the ADA). And, like Title VII claims, failure to follow these procedures will bar the claimant from bringing suit. *See, e.g.*, *Jones*, 551 F.3d at 301 (explaining that failure to exhaust administrative remedies is a bar to bringing suit under the ADEA); *See, e.g.*, *Sydnor v. Fairfax County, Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (explaining that failure to exhaust administrative remedies is a bar to bringing suit under the ADA).

Accordingly, because the EEOC claim was filed on April 6, 2016, all of Plaintiff's claims stemming from conduct before October 9, 2015 — which is 180 days prior — cannot be brought under Title VII, the ADEA, or the ADA. Compl. at 35; 42 U.S.C. §§ 2000e-5(f), 12117(a); 29 U.S.C. § 626(c). Plaintiff offers no argument as to why these procedural issues should not act as a bar. In fact, Plaintiff concedes that this issue is fatal to many of her claims. Pl.'s Resp. at 6.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that Defendants Motion to Dismiss is **GRANTED** and all Plaintiff's claims under Title VII, the ADA, and the ADEA that arose prior to October 9, 2015 are **DISMISSED**.

Signed: July 6, 2017

Graham C. Mullen
United States District Judge