**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **LATANYA HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:17CV0280-GCM** |
| | ) | |
| **AMERICAN AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

**CONSENT PROTECTIVE ORDER**

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.      Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

a.      "Confidential Information" means and includes the following:

i.      information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party;

1

ii.    information regarding or other documents containing private employment-related information, health-related information, spouse and other dependent information, and all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information; and

iii.    medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered.

iv.    federal or state income tax returns or other financial information of any party.

2.    Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.    In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4.    Information or documents designated as "Confidential" shall not be disclosed to any person, except:

a. The requesting party and counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

e. The Court or the jury at trial or as exhibits to motions; and

f. Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

a. Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. If any party inadvertently fails to designate any material as confidential information preproduction, it may correct its error at any time utilizing the following procedures. Upon learning that confidential information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving party and, at the

producing party's option, either provide substituted copies of the confidential information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (e.g., retained consultants) to the designating party or to otherwise destroy the unmarked materials within ten (10) business days of any written notice of an omitted designation, or to make all reasonable efforts to label the confidential information appropriately as requested by the designating party.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c), (d) and (f) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

8. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

9. If a party wishes to file with the Court any document or transcript designated confidential, and the Party determines that the confidential information is not important to the party's intended use of the document, that party shall (1) redact the confidential information and (2) provide a redacted copy of the document/transcript to the producing party's counsel. As soon as reasonably possible but not later than three (3) business days after receipt of such redactions,

the producing party's counsel shall advise the redacting party whether they object to the public filing of the redacted document. If the producing party does so object, then the document shall be filed under seal, as herein described.

All materials designated as confidential in accordance with the terms of this Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information shall be filed under seal and kept under seal until further order of the Court.

10. Upon the conclusion of the litigation, the Court shall determine the ultimate disposition of any materials designated as confidential or otherwise protected by this Order.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

12. The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

SO ORDERED.

Signed: October 10, 2017

Graham C. Mullen
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **LATANYA HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:17CV0280-GCM** |
| | ) | |
| **AMERICAN AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled, *Latanya Harris v. American Airlines, Inc.,* have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signed in the presence of:

_____
(Attorney)